IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JUSTIN FRANCIS, on his own behalf
and on behalf of those similarly
situated,

        Plaintiff,

        v.                CASE NO.:

BADCOCK'S ECONOMY
FURNITURE STORE, INC. d/b/a
BADCOCK HOME FURNITURE
AND MORE, a Florida Profit
Corporation,

        Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JUSTIN FRANCIS, on his own behalf and on behalf of others similarly situated, by and through undersigned counsel, hereby brings this action against the Defendant, W.S BADCOCK CORPORATION d/b/a BADCOCK HOME FURNITURE AND MORE, a Florida Profit Corporation, ("Defendant"), for unpaid overtime compensation, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). This action is intended to include each and every Sales Representative who worked for the Defendants at any time within the past three (3) years.

## INTRODUCTION

The FLSA was passed by Congress in 1938.  The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.  *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being.  *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

## JURISDICTION & VENUE

1.     Defendant is a Florida profit corporation that operates and conducts business in, among others, Lake Park, Florida (Palm Beach County) and is therefore, within the jurisdiction of this Court.

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

3.     The venue of this Court over this controversy is proper based upon

the claim arising in Palm Beach County, Florida.

## PARTIES

4.     Plaintiff, JUSTIN FRANCIS, was an employee of the Defendant within the last three (3) years for Defendant in Lake Park, Florida (Palm Beach County).

5.     Defendant is a private company which manufactures and sells furniture.

6.     Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendant's who worked at W.S BADCOCK CORPORATION d/b/a BADCOCK HOME FURNITURE AND MORE, at any time during the three-year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## FACTUAL ALLEGATIONS

7.     Plaintiff was hired on or about July 1, 2013 as a Sales Representative.

8.     Plaintiff worked for Defendant from approximately July 1, 2013 until his termination on December 2, 2020.

9.    During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.  Specifically, Plaintiff regularly worked in excess of 45 hours per week.

10.    Defendant failed to pay Plaintiff time and one half his regular rate of pay for all hours worked in excess of forty (40) hours per work week.

11.    Plaintiff should have received compensation at time and one half his accurately calculated regular rate of pay for all hours worked beyond the forty (40) hours per week.

12.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

13.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## **COVERAGE**

14.    At all material times relevant to this action (2018-2020), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203 (s).

15.    At all material times relevant to this action (2018-2020), Defendant was an enterprise covered by the FLSA, and as defined by 29 CFR § 778.117.

16.    At all material times relevant to this action (2018-2020), Defendant made gross earnings of at least $500,000 annually.

17.    At all material times relevant to this action (2010-2020), Defendant accepted payments from customers based on credit cards issued by out of state banks.

18.    At all material times relevant to this action (2018-2020), Defendant routinely ordered materials or supplies from out of state.

19.    At all material times relevant to this action (2018-2020), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

20.    At all material times relevant to this action (2018-2020), Defendant used U.S. mail to send and receive letters to and from other states.

21.    At all times relevant to this action (2018-2020), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked more than forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 21 above.

23.     Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24.     During his employment with Defendant, Plaintiff regularly worked overtime hours but Defendant failed to pay Plaintiff time and one half his regular rate of pay for all hours worked in excess of forty (40) hours per work week..

25.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half his accurately calculated regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COLLECTIVE ACTION ALLEGATIONS

28.    As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

29.    Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

30.    Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as a Sale Representative under the same conditions and subject to the same violations of the FLSA.

31.    Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

32.    Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

33.    As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

34.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

35.     The experiences of Plaintiff, with respect to their pay, are typical of the experiences of Class Members.

36.     The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of Class Members.

37.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

38.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

39.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

40.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

41.     The Plaintiff and the Class Members held the same job title: Sales Representative.

42.     As such, the class of similarly situated Plaintiff is properly defined as follows:

> **The Class Members are all of Defendants' current and former Sales Representative who worked for Defendant in Florida at any time during the three (3) years before this Complaint was filed up to the present.**

## DEMAND FOR JURY TRIAL

43.     Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this 27th day of April, 2021.

Respectfully submitted,

*s/Bruce A. Mount*
Anthony J. Hall
FL Bar No. 40924
Bruce Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999 ext. 412
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*