IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-cv-80764-AHS

JUSTIN FRANCIS, on his own behalf
And on behalf of those similarly
situated,

    Plaintiff,
vs.

BADCOCK'S ECONOMY
FURNITURE STORE, INC. d/b/a
BADCOCK HOME FURNITURE
AND MORE, a Florida Profit
Corporation,

    Defendant.
_____/

## JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AGREEMENT

**COME NOW**, the Plaintiffs, JUSTIN FRANCIS, on his own behalf and on behalf of those similarly situated, and Defendant, BADCOCK'S ECONOMY FURNITURE STORE, INC. d/b/a BADCOCK HOME FURNITURE AND MORE, a Florida Profit Corporation, and hereby jointly move this Court to review and approve their settlement and dismiss this action with prejudice as follows:

1. The parties agree that there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiffs' potential claims for unpaid wages and overtime.

2. To avoid the costs and uncertainty of further litigation, the parties have negotiated a compromised settlement in this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the

supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice. (Settlement Agreement is attached hereto as Exhibit 1).

3. The Parties request this Honorable Court retain jurisdiction for enforcement of settlement purposes only.

WHEREFORE, the parties jointly request that the Court enter an Order (a) approving the parties' settlement agreement.

Dated this 7 day of December, 2021.

Bruce A. Mount, Esquire
The Leach Firm
631 S. Orlando Avenue
Suite 300
Winter Park, FL 32789
(407) 574-6976 - Telephone
E-Mail: bmount@theleachfirm.com, and
yhernandez@theleachfirm.com

Linette M. Waterman, Esquire
Waterman Law, LLC
2090 Palm Beach Lakes Boulevard
Suite 205
West Palm Beach, FL 33409
(561)697-2644 - Telephone
(561)697-2647 – Facsimile
E-Mail: waterman@lwatermanlaw.com
donnab@lwatermanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail only on this 7th day of December, 2021, to: **Bruce A. Mount, Esq. and Anthony J. Hall, Esq., THE LEACH FIRM, 631 S. Orlando Avenue, Suite 300, Winter Park, FL 32789** at ahall@theleachfirm.com, bmount@theleachfirm.com, and

yhernandez@theleachfirm.com.

>WATERMAN LAW, L.L.C.
>2090 Palm Beach Lakes Boulevard
>Suite 205
>West Palm Beach, FL 33409
>(561) 697-2644 – Telephone
>(561) 697-2647 – Fax
>E-Mail: waterman@lwatermanlaw.com
>heather@lwatermanlaw.com
>Attorneys for Defendant, BADCOCK
>
>BY _/s/ Linette M. Waterman_____
>Linette M. Waterman Esquire
>Fla. Bar No.: 0080985

## GENERAL RELEASE OF FLSA CLAIMS AND CONFIDENTIALITY AGREEMENT

This General Release of FLSA Claims and Confidentiality Agreement (the "Agreement") is made and entered into on June 29, 2021, by and between JUSTIN FRANCIS ("FRANCIS") and BADCOCK'S ECONOMY FUTNIRE STORE, INC. d/b/a BADCOCK HOME FURNITURE & MORE ("BADCOCK" or Releasees") (collectively, the "Parties") with regard to the pending claims more particularly described below on the following terms:

### RECITALS

**WHEREAS**, JUSTIN FRANCIS filed a lawsuit against BADCOCK in the Southern District of Florida, Case No. 9:21-cv-80764-AHS (the "Action");

**WHEREAS**, JUSTIN FRANCIS alleged that BADCOCK had violated the Fair Labor Standard Act,

**WHEREAS**, BADCOCK denied any liability for causing the alleged damages and injuries and disputed the allegations by JUSTIN FRANCIS in the Action;

**WHEREAS**, JUSTIN FRANCIS and BADCOCK have agreed to set aside their differences and amicably resolve any and all claims between the Parties, including the Action;

**NOW, THEREFORE**, for and in consideration of the mutual promises, covenants, representations, and agreements set forth hereinafter, and for and in consideration of the commitments involved herein, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereto agree that BADCOCK will pay, within fifteen (15) days of the fairness hearing and the Releasors' execution of this Agreement, the total sum of Sixteen Thousand Dollars ($16,000) in settlement of all claims as follows:

1. The above recitals are true, correct, and are herein incorporated by reference.

2. BADCOCK shall pay JUSTIN FRANCIS the sum of Eight Thousand Dollars ($8,000.00) less applicable taxes and other lawful deductions, payable to JUSTIN FRANCIS, which payment shall be attributable to back wages. Four Thousand Dollars will be reported on an IRS Form W-2, and Four Thousand Dollars will be reported on a 1099.

3. In satisfaction of any claim under applicable federal or state statutes for attorney's fees, the sum of Eight Thousand Dollars ($8,000.00) made payable to The Leach Firm for which IRS Form 1099 shall be issued to The Leach Firm. In the event there is additional action required for approval of the Settlement Agreement and/or to effectuate a Dismissal with Prejudice of Plaintiff's Complaint, all settlement proceeds are to be mailed to Plaintiff's counsel, and all settlement proceeds will be held by Plaintiff's counsel in the trust account of The Leach Firm until such time as these actions are completed. There shall be no disbursement of settlement funds from said trust account until these actions are concluded.

Justin Francis _JF_    Page 1 of 5    Badcock Representative _JWB_

EXHIBIT 1

4. Upon clearance of the funds, JUSTIN FRANCIS agrees to dismiss the Action with prejudice and file such documentation as is required to effectuate such a dismissal.

5. **Tax Indemnification:** For purposes of complying with the tax laws of the United States and the State of Florida, JUSTIN FRANCIS understands and agrees that he is responsible for any tax liabilities incurred by receipt of the above settlement amounts. In the event that the IRS subsequently determines that any of the settlement amounts constitute taxable income above what has been withheld by BADCOCK, JUSTIN FRANCIS agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the payments and further agrees to hold harmless and defend the Released Parties from any claimed tax liabilities arising out of the payments, including but not limited to all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any obligations that may arise from the monetary consideration made to the Plaintiff under this Agreement.

6. **FOR GOOD AND VALUABLE CONSIDERATION,** the receipt, adequacy and sufficiency whereof is hereby expressly acknowledged, JUSTIN FRANCIS on behalf of himself and his agents, representatives, or any other parties claiming by, through or under any or all of them, including, without limitation, successors and/or assigns (each, any or all of the same hereinafter referred to as the "Releasors") being under no legal disability, hereby remise, release, acquit, satisfy, and forever discharge, BADCOCK and all parties claiming by, through or under it, including without limitation, partners, affiliates, parents, subsidiaries, sister corporations, divisions, branches, related business entities, including but not limited to, BADCOCK, its past and present incorporators, Board of Directors, officers, owners, shareholders, managers, servants, agents, attorneys, employees, representatives, successors, assigns, insurers, including but not limited to any person, partnership, corporation, association, organization or entity acting, directly or indirectly, in their interest in relation to the Parties including any person or entity acting with or on behalf of BADCOCK officially, or in any capacity whatsoever, past and present, or any other parties claiming by or under any or all of them, including without limitation, heirs, successors and/or assigns, and all other person(s) for whose conduct or acts the aforementioned named persons or entities may be liable (each, any or all of the same hereinafter referred to as the "Releasees"), of and from any and all rights, claims, demands, debts, damages, costs, actions, causes of action, suit or suits, controversies, sum or sums of money, including loss of business income, loss of earnings or earning capacity, expenses, wages, claims for disbursements, salary, bonuses, benefits, vacation pay, claims of discrimination, claims of harassment, claims for whistle blowing or retaliation in employment/retaliatory discharge (federal, state or local law, statutory or decisional), claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, claims under any contract (express or implied), claims, rights to or claims for injunctive or equitable relief, wrongful or constructive discharge, breach of contract, promissory estoppel, reliance, fraud, fraudulent misrepresentation or concealment, breach of covenant of good faith and fair dealing, interference with a prospective business advantage, negligence, slander, defamation, attorney's fees, costs and compensation, on account of, or in any way growing out of, any and all known and unknown, foreseen and unforeseen, accrued or unaccrued, suspected or unsuspected, actual or potential, matured or unmatured, asserted or unasserted, losses or damages (including but limited to compensatory, punitive, treble, liquidated and or consequential damages), and the consequences



Justin Francis _____     Page 2 of 5     Badcock Representative _____

thereof, including attorney's fees and court costs, resulting or to result from anything arising from any transaction, interaction, and/or occurrence between the Parties that has been or ever could have been asserted by Releasor against Releasees at any time in any Court of competent jurisdiction, or any forum whatsoever from the beginning of time through the date of this Agreement. This Agreement is intended to release any and all claims against the Releasee, without exception. This is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Plaintiff against the Releasee. Plaintiff represents that he knows of no claims or rights of any kind that he has, but that has not been released by this paragraph and all other paragraphs of said Agreement. Plaintiff understands and agrees that this Settlement Agreement and Release is binding on him and on anyone who succeeds to his rights. Plaintiff acknowledges that he has no physical or mental impairments of any kind that have interfered with Plaintiff's ability to read and understand the meaning of this Agreement or its terms and is not acting under the influence of any medication or mind-altering chemical of any type in entering into this Agreement.

7. **Acknowledgement of Waiver of ADEA Claims:** Plaintiff, in consideration of the payment provided to him, agrees and acknowledges that this Agreement constitutes a knowing and voluntary waiver of all right or claims Plaintiff has or may have against the Company as forth herein, including but not limited to, all rights or claims arising under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), all claims of age discrimination in employment and all claims of retaliation in violation of the ADEA.

8. **Non-Disparagement and Neutral Reference.** From the date of execution of this Agreement forward, JUSTIN FRANCIS agrees to not make any negative, misleading, or disparaging comments about BADCOCK relating to his employment with BADCOCK, including the facts that form the basis of the Action. BADCOCK likewise agrees not to make any negative, misleading, or disparaging comments about JUSTIN FRANCIS regarding his employment with BADCOCK. BADCOCK further agrees to give a neutral employment reference for JUSTIN FRANCIS, providing only basic factual information regarding his employment, such as dates of employment and positions held. Should any party be asked about the dispute, the parties shall simply state that the matter has been resolved. Nothing in this Paragraph shall be construed to prohibit the parties from testifying truthfully in any administrative or legal proceeding, or as otherwise required by law.

9. It is further understood and agreed that this Agreement is the compromise of a disputed claim, and that this Agreement is not to be construed as an admission of liability, fault, or confession of judgment on the part of the Releasee, by whom all rights and defenses under the applicable insurance policy and law are expressly reserved. Neither the existence of, nor compliance with, this Agreement shall be construed as an admission by Releasee of any wrongdoing nor an admission that Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) hours a work week at the correct overtime rate, if any were due. Further, neither the existence of, nor compliance with, this Agreement shall be construed or interpreted to mean that the Plaintiff was entitled to overtime pay in his job position wherein he earned commissions, and arguably met an exemption under the FLSA.



Justin Francis _____                Page 3 of 5                Badcock Representative ____

10. Releasor represents and warrants that he is the sole and legal owner of all rights, titles, and interest in and to the claims and matters that he has released herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer, to any person or entity any of their rights in or to the same. The foregoing specifically includes, by way of example and not limitation, any claims for attorney's fees, client costs, and/or any other litigation or related expenses heretofore incurred by Releasor related to the released parties or any party to this Agreement or related to the claims and matters that Releasor has released herein and any claims for any costs or fees for any other services of any nature whatsoever related to the claims and matters that Releasor has released herein.

11. The terms of this Agreement are contractual and not mere recitals. In entering into this Agreement, it is understood and agreed that JUSTIN FRANCIS relied wholly upon his own judgment, beliefs, and knowledge as to the nature and extent of his damages and claims, and any liability therefore, and this Agreement is made without reliance upon any statement or representation of Releasees, or its representatives or attorneys, or by any person by them employed. Further, JUSTIN FRANCIS acknowledges that he has discussed the terms of this Agreement with his attorney and fully understands and accepts said terms.

12. If any legal action or other proceeding is brought in connection with this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and other related costs, in addition to any other relief to which the prevailing party is entitled.

13. **Confidentiality**. This matter and settlement thereof shall remain confidential including but not limited to all correspondence, emails, call logs, and any and all other aspect of this matter. Parties of the First Part and parties of the Second Part, their attorneys, employees, or their respective agents and/or representatives (including, without limitation, experts, consultants, advisors, analysts) shall not disclose any aspect or component of this matter to any person, firm, partnership, corporation, entity or to the media, including but not limited to newspapers, television, radio and internet web sites, blogs, social media sites and message boards, court or any other third party. Without the express written agreement from the other Party, the parties agree to never disclose the existence, facts, terms, or amounts of this Agreement nor the substance of the negotiations, to any person or entity, other than to their spouse, personal counsel or attorney, personal accountants, or personal tax preparer or pursuant to Court Order or Subpoena or as otherwise required by law. The parties' obligations in this paragraph shall survive and are not affected by the necessity to file any documentation or to disclose any information related to the lawsuit in order to achieve Court approval of this settlement and/or to enforce this Agreement. To the extent required by law or applicable regulation, each party may also disclose the provisions of this Agreement to the appropriate taxing authorities or governmental agency or Court of law. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications with any present, former, or future employee of Defendants, as it relates to the settlement of this lawsuit. Defendant may discuss this Agreement with its managers, supervisory personnel, and human resources personnel for business purposes. From the date this Agreement is signed by all parties forward, the parties agree that they will not incite any person to disparage, assert any demand, complaint, claim or charge against each other.

Justin Francis _____ Page 4 of 5 Badcock Representative _____

14. JUSTIN FRANCIS represents that he has reviewed all aspects of this Agreement and fully understand all the provisions of this Agreement. Also, JUSTIN FRANCIS understands that in agreeing to this document Plaintiff is releasing Defendant from any and all claims (including FLSA claims) Plaintiff has against Defendant described herein. JUSTIN FRANCIS further agrees that he has entered into this Agreement voluntarily; that the Agreement is authorized, and that by the signatures below, JUSTIN FRANCIS is intending to be bound by this Agreement.

15. None of the parties shall be considered a prevailing party for purposes of the underlying lawsuit.

16. Each party shall, upon the request of the other, execute and re-execute, acknowledge and deliver this Agreement and any and all papers or documents or other instruments, as may be reasonably necessary to implement the terms hereof with any formalities as may be required and, otherwise, shall cooperate to fulfill the terms hereof and enable the other party to effectuate any of the provisions of this Agreement

17. Entire Agreement; Amendments. Except as otherwise provided herein, this Agreement contains the entire agreement and understanding of the Parties hereto relating to the subject matter hereof, and merges and supersedes all prior and contemporaneous discussions, agreements, and understandings of every nature relating to the subject matter hereof. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing and signed by all Parties.

18. Governing Law. This Agreement shall be governed by, and enforced in accordance with, the laws of the State of Florida without regard to the application of the principles of conflicts of laws. Venue with regard to any action to be brought arising out of or in connection with the terms of this Agreement shall lie exclusively in the Southern District of Florida. The parties agree that jurisdiction to enforce, interpret and/or construe any provision of this Agreement shall exclusively be in the United States Distric Court, Southern District of Florida.

**IN WITNESS WHEREOF**, JUSTIN FRANCIS has executed this General Release and Confidentiality Agreement as of this 6th day of December, 2021.

_____
JUSTIN FRANCIS, PLAINTIFF

Dated: 12/6/2021

Justin Francis _____

BADCOCK'S ECONOMY FURNITURE STORE, INC. d/b/a Badcock Home Furniture & More

By: _____ As President
Printed Name and Title

Dated: 12/6/21

Page 5 of 5

Badcock Representative _____